1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KOHEN DIALLO UHURU,                          No.  2:20-cv-2088 KJN P

12                  Plaintiff,

13          v.                                    ORDER

14   CHERYLINE MANCUSI, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Because the undersigned finds that the complaint must be dismissed with leave to amend,

21   consideration of plaintiff's in forma pauperis status is deferred pending review of plaintiff's

22   amended complaint.

23   Screening Standards

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   Plaintiff's Complaint

26        Plaintiff names as defendants Cheryline Mancusi, Psy.D.; Neil Schneider, Commissioner;

27   Robert Burton, Warden; J. Clark Kelso, Federal Receiver; Ralph Diaz, Secretary of the California

28   Department of Corrections and Rehabilitation; Martha Caballero, CSW; and Inderpal Dhillon,

1    Psychiatrist.  Plaintiff alleges violations of the First, Fifth and Fourteenth Amendments, as well as

2    various sections of the California Constitution.  Specifically, he alleges that on August 10, 2020,

3    defendant Mancusi "articulated her atheist dogma and Darwinism ideology to discriminate

4    against plaintiff's Nubian Hebrew Israelite beliefs."  (ECF No. 1 at 3.)  Defendants Caballero and

5    Dillon "maliciously accuse the plaintiff's mental illness falsely as psychotic religiosity" in order

6    to deny plaintiff elder parole.  (Id.)  Defendants Diaz and Kelso failed to "implement humanistic

7    practices."  (Id.)  Defendant Schneider "coerced plaintiff under duress to swear or give a false

8    salute to avow to a false narrative."  (Id.)  Plaintiff informed the Commissioner plaintiff had been

9    hit in the head as a youth and began hearing voices.  Plaintiff claims his affidavits stating he

10   would commit suicide after buying an expensive life insurance policy were used to deny plaintiff

11   parole rather than to provide him treatment.  Plaintiff seeks immediate release on elder parole to a

12   CONREP commitment at Napa State Hospital.[1]  Also, plaintiff asks the court to order the

13   commissioner and psychologist "to provide criminal evidence of their bias[ed] version of the

14   crime" underlying plaintiff's criminal conviction in the form of injunctive and declaratory relief.

15   (ECF No. 1 at 3.)

16   Discussion

17          While all of plaintiff's claims are not clear, he appears to challenge the merits of the

18   parole commissioner's decision to deny plaintiff elder parole.  On February 10, 2014, the Three-

19   Judge Court appointed by the Ninth Circuit to preside over two consolidated federal class actions[2]

20   issued an order directing the state to implement a parole process for inmates who are 60 years or

21   older and who have been incarcerated for at least 25 years.  Plata/Coleman v. Brown (Newsom),

22
     _____

23   [1]  California Welfare & Institutions Code § 4360(a) provides that the Department of State
     Hospitals ("DSH") "'shall provide mental health treatment and supervision in the community for
24   judicially committed persons' and that '[t]he program established and administered by [DSH]
     under this chapter to provide these services shall be known as the Forensic Conditional Release
25   Program [or CONREP].'"  Dat Thanh Luong v. Napa State Hosp., 411 F. Supp. 3d 615, 627
     (N.D. Cal. 2019), quoting Cal. Wel. & Inst. Code § 4360(a).

26
     [2]  The original class actions were filed under Coleman v. Brown, No. 90-cv-0520 LKK JFM (E.D.
27   Cal.), and Plata v. Brown, No. C01-1351 TEH (N.D. Cal.).  See also Plata v. Schwarzenegger,
     No. 3:01-CV-01351-TEH (N.D. Cal.), aff'd in part, 603 F.3d 1088 (9th Cir. 2010); Coleman v.
28   Wilson, 912 F. Supp. 1282 (E.D. Cal. 1995).

1   No. 4:01-cv-1351 (N.D. Cal.).  In response, the "Elderly Parole Program was implemented by the

2   state.[3]

3          To the extent that plaintiff is challenging the decision of the parole commissioner or

4   parole board, plaintiff does not have a § 1983 claim for actions of a parole commissioner or the

5   parole board.  "There is no right under the Federal Constitution to be conditionally released [on

6   parole] before the expiration of a valid sentence, and the States are under no duty to offer parole

7   to their prisoners."  Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam).  In other words,

8   to the extent plaintiff challenges the denial of parole and seeks earlier release under the elderly

9   parole program, a civil rights action under § 1983 is not the proper vehicle.

10              "Federal law opens two main avenues to relief on complaints related
                to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and
11              a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as
                amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of
12              confinement or to particulars affecting its duration are the province
                of habeas corpus."
13

14   Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750

15   (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be

16   brought under § 1983."  Id.  Habeas is the "exclusive remedy" for the prisoner who seeks

17   "'immediate or speedier release'" from confinement.  Skinner v. Switzer, 562 U.S. 521, 533-34

18   (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).  A parole claim that affects the

19   legality or duration of a prisoner's custody, and a determination which would likely result in

20   entitlement to an earlier release, must be brought in habeas.  See Ramirez v. Galaza, 334 F.3d

21   850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or

22   "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition);

23   Wilkinson, 544 U.S. at 78 ("[A] prison in state custody cannot use a § 1983 action to challenge

24   the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate

25   state relief) instead.").  In this case, it is not clear that plaintiff is seeking habeas corpus relief.

26   Thus, the court declines to convert plaintiff's § 1983 action into a habeas petition.  Trimble v.

27   _____

28   [3]  https://www.cdcr.ca.gov/bph/elderly-parole-hearings-overview/

                                                    4

1   City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition

2   is not clear, . . . the district court should not convert a defective section 1983 claim into a habeas

3   petition.").  Moreover, plaintiff may seek federal habeas relief only after he has exhausted his

4   state court remedies.  See 28 U.S.C. § 2254(b)(1)(A).  Accordingly, plaintiff's claim seeking

5   immediate release on parole should be dismissed without prejudice to plaintiff's refiling as a

6   petition for habeas corpus pursuant to 28 U.S.C. § 2254.

7          Claim for Injunctive/Declaratory Relief

8          Parole Board commissioners, who exercise quasi-judicial responsibilities in rendering

9   parole decisions, are absolutely immune from damages liability in their official capacities.  See

10  Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981).  But parole board officials are not

11  entitled to absolute immunity for claims for injunctive or declaratory relief.  In Tripp v. Bisbee,

12  the Ninth Circuit reversed an order by the district court finding that defendant parole board

13  members were entitled to absolute quasi-judicial immunity because Tripp only sought injunctive

14  and declaratory relief.  670 F. App'x 494, 495 (9th Cir. 2016); see also Buckwalter v. Nev. Bd. of

15  Med. Exam'rs, 678 F.3d 737, 747 (9th Cir. 2012) ("Absolute immunity is not a bar to injunctive

16  or declaratory relief.").

17         That said, state prisoners may challenge the constitutionality of state parole procedures in

18  an action under Section 1983 seeking declaratory and injunctive relief.  Wilkinson, 544 U.S. at

19  76.  In Wilkinson, the United States Supreme Court addressed the issue of whether an inmate

20  could challenge a parole denial via § 1983 rather than habeas corpus.  Wilkinson, 544 U.S. at 74.

21  The Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state

22  procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an

23  injunction ordering his immediate or speedier release into the community."  Wilkinson, 544 U.S.

24  at 82.  At most, an inmate can seek as a remedy "consideration of a new parole application" or "a

25  new parole hearing," which may or may not result in an actual grant of parole.  Id.  In other

26  words, the Wilkinson case identifies parole claims that are not barred by Heck v. Humphrey, 512

27  U.S. 477, 486-87 (1994).  Section 1983 remains available for procedural challenges where

28  success in the action would not necessarily spell immediate or speedier release for the prisoner.

1    Id. at 81 ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit

2    would not necessarily vitiate the legality of (not previously invalidated) state confinement.")

3        Here, plaintiff does not challenge the constitutionality of parole procedures, but rather

4    appears to challenge the evidentiary basis for the denial of his bid for elder parole.  Thus, plaintiff

5    fails to state a cognizable claim for relief.  See Johnson v. Shaffer, 2013 WL 5934156, *7-8 (E.D.

6    Cal. Nov. 1, 2013) (distinguishing constitutional challenges under Wilkinson).  While not entirely

7    clear, plaintiff appears to allege that the psychologist's report was biased, and commissioner

8    Schneider was biased and mis-evaluated plaintiff's underlying crime.  A federal court's due

9    process review of parole proceedings is limited to the narrow question of whether the prisoner

10   received "fair procedures" that provide a meaningful opportunity to be heard and a statement of

11   reasons why parole was denied.  Cooke, 562 U.S. at 220.  "[I]t is no federal concern . . . whether

12   California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution

13   demands) was correctly applied."  Id. at 221.

14       In seeking injunctive relief, plaintiff fails to allege any facts that demonstrate his rights

15   under federal law were violated.  See Reece v. Smith, 2010 WL 5317440, *2 (E.D. Cal. Dec. 20,

16   2010) (claim for injunctive relief failed to state a claim upon which relief can be granted because

17   plaintiff failed "to point to any federal law indicating that defendant, by drafting a false

18   psychological evaluation for use at a parole hearing, violated plaintiff's rights arising under

19   federal law and the court is not aware of any such law."); see also Rizzo v. Dawson, 778 F.2d

20   527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative therapy).  Because plaintiff fails

21   to state a cognizable civil rights claim supporting his request for injunctive or declaratory relief,

22   such claims should also be dismissed.

23            Improperly Named Defendant

24       J. Clark Kelso, Federal Receiver, is not a proper defendant.  Mr. Kelso, in his role as a

25   federal receiver, is entitled to quasi-judicial immunity.  See Plata v. Schwarzenegger, No. C01-

26   1351-THE, at *6 (N.D. Cal. Feb. 14, 2006) (in class action constitutional challenge to the

27   adequacy of medical care provided in California prisons, ("[t]he Receiver . . . shall be vested with

28   the same immunities as vest with this Court."); see also Coleman v. Schwarzenegger, 2007 WL

6

1  4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and

2  authority to act in the name of the Court as the Court's officer" had judicial immunity).

3        Equal Protection

4        Plaintiff fails to allege sufficient facts to state a claim for violation of the Equal Protection

5  Clause against any of the defendants.  The Fourteenth Amendment's Equal Protection Clause

6  protects prisoners against invidious discrimination that is based on an impermissible factor such

7  as race, gender, religion, or the like.  See, e.g., Wolff v. McDonnell, 418 U.S. 539, 556 (1974);

8  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Plaintiff claims that defendant Mancusi

9  "articulated her atheist dogma" to discriminate against plaintiff's religious beliefs, yet he also

10  claims that defendants Caballero and Dhillon diagnosed plaintiff's mental illness as "psychotic

11  religiosity," and grandiose delusions, allegedly to deny plaintiff parole.  Plaintiff's vague and

12  conclusory allegations do not tend to show that he was treated differently than other inmates

13  because he is a member of a protected class.  Consequently, he does not state an equal protection

14  claim.

15        Improper Joinder

16        Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one

17  action as defendants if "any right to relief is asserted against them jointly, severally, or in the

18  alternative with respect to or arising out of the same transaction, occurrence, or series of

19  transactions or occurrences" and "any question of law or fact common to all defendants will arise

20  in the action." Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir.

21  2007) ("Unrelated claims against unrelated defendants belong in different suits").

22  Putative Claims

23        Plaintiff mentions violations of the First, Fifth and Ninth Amendments, as well as various

24  provisions of the California Constitution.  But plaintiff alleges no facts implicating such sources.[4]

25  ////

26

27  _____

[4]  In the title of his pleading, plaintiff references "Religious Discrimination with Deliberate
Indifference under RLUIPA . . . and the ADA."  (ECF No. 1 at 1.)  Plaintiff is advised that he

28  must include his causes of action within the pleading, not simply reference them in the title.

1  Leave to Amend

2        Aside from plaintiff's improper request for release from prison in this civil rights action,

3  the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to

4  determine whether his remaining claims are frivolous or fail to state a claim for relief.  The court

5  has determined that the complaint does not contain a short and plain statement as required by Fed.

6  R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

7  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.

8  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

9  particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because

10  plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must

11  be dismissed.  The court will, however, grant leave to file an amended complaint.

12        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

13  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

14  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

15  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

16  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

17  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

18  F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

19  participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

20  268 (9th Cir. 1982).

21        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

22  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This requirement exists

24  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

25  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

26  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

27  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

28  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

1 | and the involvement of each defendant must be sufficiently alleged.

2 | Three Strikes Bar

3 |       In Uhuru v. Eldridge, No. 2:19-cv-1119 JAM KJN (E.D. Cal. July 29, 2020), before the

4 | instant action was filed, the district court found plaintiff had sustained three strikes under 28

5 | U.S.C. § 1915(g), revoked plaintiff's in forma pauperis status, and required plaintiff to pay the

6 | filing fee in full before the case could go forward.  Plaintiff did not pay the filing fee, but instead

7 | filed an appeal.  On October 16, 2020, the Court of Appeals for the Ninth Circuit denied plaintiff

8 | leave to proceed in forma pauperis on appeal because plaintiff had sustained three or more actions

9 | or appeals dismissed as frivolous, malicious, or for failure to state a claim, and had not alleged

10 | imminent danger of serious physical injury.  Uhuru v. Eldridge, No. 20-16736 (9th Cir. Oct. 16,

11 | 2020).  Plaintiff was ordered to pay the $505.00 filing fee within 21 days; such deadline has

12 | passed, and the circuit's docket does not reflect plaintiff's payment.  Id.

13 |       Based on the district court's order in No. 2:19-cv-1119 JAM KJN, plaintiff is precluded

14 | from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of

15 | serious physical injury."  28 U.S.C. § 1915(g).  In the instant complaint, plaintiff makes a general

16 | reference to the Covid-19 pandemic in the title of his pleading, but did not include any factual

17 | allegations in his pleading to demonstrate that at the time he filed this action he was under

18 | imminent danger of serious physical injury.  Therefore, the undersigned defers consideration of

19 | plaintiff's in forma pauperis application until plaintiff files his amended pleading and addresses

20 | and supports his claim that he faced imminent danger at the time this action was filed.

21 |       In accordance with the above, IT IS HEREBY ORDERED that:

22 |       1. Plaintiff's complaint is dismissed.

23 |       2.  Within thirty days from the date of this order, plaintiff shall complete the attached

24 | Notice of Amendment and submit the following documents to the court:

25 |             a.  The completed Notice of Amendment; and

26 |             b.  An original of the Amended Complaint.

27 | Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

28 | Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2        Failure to file an amended complaint in accordance with this order may result in the

3    dismissal of this action.

4        3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

5    complaint by a prisoner.

6    Dated:  November 17, 2020

7

8    _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

9    /uhur2088.14n.f

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KOHEN DIALLO UHURU,                    No.  2:20-cv-2088 KJN P

12                    Plaintiff,

13        v.                                NOTICE OF AMENDMENT

14   CHERYLINE MANCUSI, et al.,

15                    Defendants.

16        Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18        _____          Amended Complaint
19   DATED:

20

21                              _____
                                  Plaintiff
22

23

24

25

26

27

28