UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>    Plaintiff,<br><br>    v.<br><br>MANCUSI, et al.,<br><br>    Defendants. | No. 2: 20-cv-2088 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    On November 17, 2020, plaintiff's complaint was dismissed with leave to amend. The court deferred consideration of plaintiff's request to proceed in forma pauperis, and cautioned plaintiff that he would be precluded from proceeding in forma pauperis unless he alleged facts demonstrating that at the time he filed this action he was under imminent danger of serious physical injury. (ECF No. 7 at 9.) Following an extension of time, plaintiff filed an amended complaint. As set forth below, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

////

Section 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[1] Courts previously found plaintiff accrued at least three strikes. See Uhuru v. Diaz, No. 20-56332 (9th Cir. Apr. 16, 2021); Uhuru v. Eldridge, No. 20-17501 (9th Cir. Mar. 10, 2021); Uhuru v. Chaplain Hadjal, No. 20-55550 (9th Cir. July 22, 2020); Uhuru v. Eldridge, No. 2:19-cv-1119 KJN P, 2020 WL 3100257 (E.D. Cal. June 11, 2020); Uhuru v. Paramo, No. 3:17-cv-0960 GPC BGS, 2017 WL 2312224 (S.D. Cal. May 26,

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2017). Prior to the date plaintiff filed this action on October 19, 2020, the following cases filed by plaintiff were dismissed as set forth below:

1. Diallo v. Yarborough, Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (granting defendants' motion to dismiss finding plaintiff's allegations were insufficient to state a claim upon which relief can be granted); adopted April 16, 2004.

2. Diallo v. Moskowitz, Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (granting defendants' motion to dismiss and dismissing the complaint with prejudice); adopted July 6, 2009.

3. Diallo v. Greenman, Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (finding allegations in amended complaint failed to state a federal civil rights claim, and dismissing amended complaint with prejudice); adopted Oct. 27, 2009.

4. Uhuru v. Spagnola, Case No. 2:09-cv-05582-JVS-VBK (C.D. Cal.). In this case, plaintiff's complaint was dismissed for failure to state a claim, with leave to amend. Plaintiff failed to amend, and this case was subsequently dismissed based on plaintiff's failure to amend. See id., ECF No. 5 at 5 n.1. "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017). Therefore, Uhuru v. Spagnola, Case No. 2:09-cv-05582-JVS-VBK also constitutes a strike under 28 U.S.C. § 1915(g).

Such four district court cases constitute strikes that were final prior to the date plaintiff filed this action. Therefore, the undersigned concludes that plaintiff sustained three strikes under 28 U.S.C. § 1915(g).

Imminent Danger?

Because plaintiff sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be

rejected as overly speculative or fanciful." Id. at 1057 n.11. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's Allegations

Plaintiff's amended complaint contains three claims for relief. As discussed below, the undersigned finds that none of these claims for relief demonstrates that plaintiff is under imminent danger of serious physical injury.

In his first claim, plaintiff alleges violations of his right to exercise his religion and RLUIPA.[2] Such allegations do not demonstrate that plaintiff is under imminent danger of serious physical injury.

In his second claim, plaintiff marks multiple causes of action: disciplinary proceedings; exercise of religion; medical care; retaliation; and other - discrimination based on religion and race; denial of equal protection. (ECF No. 13 at 5.) He alleges that defendants denied plaintiff confidential meetings with his psychiatrist in violation of HIPAA (the Health Insurance Portability and Accountability Act of 1996), by having third and fourth parties in the room during his telemed appointments, which exacerbates plaintiff's mental illness and paranoia. Defendants denied release of information from plaintiff's psychotherapy notes and mental health treatment. He claims he continues to decompensate from five months of no outside exercise. He has been denied participation in, or dissemination of, "School of the Prophets" curriculum. Defendants controverted plaintiff's "Harvey waiver" under People v. Harvey, 25 Cal.3d 754 (1979). (ECF

---

[2] Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1.

4

No. 13 at 5.) Plaintiff contends defendants refuse to treat his post-slavery trauma syndrome, PTSD, and falsely claim plaintiff is under PC 1168(b), when he is really under PC 1170 (DSL).

In his third claim, plaintiff marks the following claims: basic necessities; threat to safety; exercise of religion; and retaliation. (ECF No. 13 at 6.) He alleges that over the last five months he has been denied sunlight and outside exercise. Defendants denied plaintiff the ability to practice his Nubian Hebrew Israelite religion, and were deliberately indifferent to plaintiff's exposure to a serious communicable disease.

Plaintiff's second and third claims also fail to provide specific allegations indicating how he was in imminent danger of serious physical injury at the time he filed this complaint on October 19, 2020. Plaintiff alleges that the lack of exercise negatively impacted his mental health, but fails to set forth any facts concerning any serious physical injury, threatened or otherwise. In addition, plaintiff's allegations in this case are similar to those made in two prior cases not mentioned above, but also filed in this court a few months before this one. See Uhuru v. Velaszquez, No. 2:20-cv-1267 JAM DB P (Aug. 12, 2020), and Uhuru v. Rao, 2:20-cv-1613 WBS DB P (June 24, 2020). In those similar, previously filed cases, plaintiff also alleged a lack of fresh air and outdoor exercise, together with his claims he was denied his right to freely exercise his religion. Although plaintiff named different defendants in these three cases, they otherwise share many similar conclusory allegations. In his two prior cases, as in this one, plaintiff fails to set forth specific facts to show he was under a threat of imminent danger of serious physical injury.

Finally, in the title of plaintiff's pleading, as he did in his original complaint, plaintiff writes: "imminent danger of injury with unusual and exceptional circumstances from COVID-19 pandemic; quarantine isolation; deliberate indifference; religious discrimination." (ECF No. 13 at 1.) Despite the court's prior explanation that plaintiff must address and support his claim that he faced imminent danger at the time he filed this action (ECF No. 7 at 9), plaintiff provides no specific facts in his pleading concerning the pandemic other than a vague reference to exposure to a serious communicable disease.

////

5

Therefore, plaintiff does not meet the imminent danger exception described in 28 U.S.C. § 1915(g), and may proceed in this action only if he first pays the filing fee. Plaintiff is cautioned that failure to pay the filing fee will result in the dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402.00 filing fee within thirty days of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/uhur2088.1915g